UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | )  | |
|---|---|---|
| STEPHEN EARL BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:25-CV-22 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DISTRICT | ) | |
| COURT KNOXVILLE, TN, et al., | ) | |
| | ) | |
| Defendants. | | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff has filed a Complaint [Doc. 1], Amended Complaint [Doc. 9], and a Supplement [Doc. 10][1] along with a Motion for Leave to Proceed *in forma pauperis* [Doc. 2]. In addition to requesting that he be permitted to proceed without prepayment of fees, Plaintiff also asks the Court to appoint counsel to represent him in this case. This matter is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. For reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** and his request for counsel is **DENIED**. Additionally, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** and **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*,

---

[1] The Court notes that Plaintiff's Supplement [Doc. 10] is not properly before the Court. However, due to the general leniency afforded to *pro se* plaintiffs, the Court will consider the information contained in the Supplement in conjunction with the original and amended complaints.

490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 2] is **GRANTED**. The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.** When a Plaintiff is proceeding *in forma pauperis,* district courts are required to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law.

II.     REQUEST FOR APPOINTMENT OF COUNSEL

Before undertaking the required screening of Plaintiff's complaint, the Court will first consider Plaintiff's request for the appointment of counsel. In support of his request, Plaintiff asserts that he has no resources to secure representation. The Court is empowered to appoint counsel to pro

se litigants. 28 U.S.C. § 1915(e)(1). The Sixth Circuit has explained that the decision of whether to "appoint counsel for an indigent civil litigant" is left to the discretion of the trial court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). At the same time, in civil cases, appointment of counsel is warranted only in exceptional circumstances. *Hill v. Michigan*, 14 Fed. App'x 401, 403 (6th Cir. 2001). Upon reviewing the Complaint and Plaintiff's request for counsel, the Court finds Plaintiff has failed to demonstrate that the required exceptional circumstances exist which would permit the Court to appoint an attorney for him. Accordingly, Plaintiff's motion for counsel [Doc. 2] is **DENIED**. The Court will now undertake the required screening process as to Plaintiff's Complaint.

### III. SCREENING OF PLAINTIFF'S COMPLAINT

As an initial matter, the Court notes that Defendant's complaint, amended complaint, and supplement total 61 pages[2] and are quite difficult to decipher. These pleadings contain a laundry list of allegations, and it appears much of the information included is irrelevant to Plaintiff's present complaints, but instead was provided as background information to provide additional context to the events that directly gave rise to the allegations. As best the Court can determine, Plaintiff alleges that Robert Logan Devereaux, Ph.D. made untrue statements about him that resulted in Dr. Devereaux obtaining an order of protection against him. Plaintiff further alleges that the Fourth Circuit Court acted improperly in issuing the order of protection. Plaintiff asserts that he is entitled to a trial on the allegations he made against Dr. Devereaux, Dr. Martha Jane Smith, and the Fourth Judicial District Circuit Court (sic), which he also notes he alleged in a previous case filed in this District that has been dismissed. *See Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024). Plaintiff contends that by dismissing these claims the United States District Court for the Eastern District of Tennessee, United States Magistrate Judge Jill McCook

---

[2] These pleadings include copies of medical documentation, excerpts from the report generated following a neuropsychological examination that Plaintiff underwent, and an excerpt from a transcript of a hearing held in the Fourth Circuit Court for Knox County, Tennessee.

and United States District Judge Charles Atchley have violated his Sixth and Fourteenth Amendment rights. The Court will address each category of allegations Plaintiff has made in turn.

### A. Allegations against the United States District Court for the Eastern District of Tennessee at Knoxville, United States Magistrate Judge Jill McCook and United States District Judge Charles Atchley

Plaintiff contends that the United States District Court for the Eastern District of Tennessee (the "District Court"), Magistrate Judge McCook and District Judge Atchley have violated his Sixth Amendment right to a trial, his right to equal protection under the Fourteenth Amendment, and discriminated against him based on his educational disability. Plaintiff's basis for these claims is the dismissal of his previous lawsuits, specifically *Brooks v. Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024), which was dismissed by Judge Atchley based upon a report and recommendation issued by Judge McCook.

As an initial matter, the Court notes that Plaintiff has not demonstrated that the District Court is a proper party to this suit. "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "A waiver of sovereign immunity must be "unequivocally expressed" in a statute. *Id.* Plaintiff has not identified, nor has the Court located, any statute which waives the federal judiciary's sovereign immunity. Accordingly, Plaintiff has failed to establish a viable claim against the District Court.

Turning to Plaintiff's claims against Judges Atchley and McCook, clearly established precedent grants federal judges absolute immunity from civil liability for damages if the actions complained of were taken within the scope of their judicial responsibilities. *Alexander v. Mitchell Carter*, No. 1:15-cv-69-HSM-SKL, 2018 WL 1124959 at *4-5 (E.D. Tenn. Mar. 1, 2018); *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). The only instances when judicial immunity can be overcome is when a judge was not acting in his or her judicial capacity, or when they were acting in the absence of jurisdiction.

*Mireles*, 502 U.S. at 11–12. Here, in alleging that Judges Atchley and McCook have violated his rights, Plaintiff has not alleged that they lacked jurisdiction over his claims. Moreover, the only action Plaintiff complains that Judges Atchley and McCook took relates to the dismissal of his complaint, which was an action they clearly took in their respective judicial capacities. As such, Plaintiffs claims against Judges Atchley and McCook are barred by judicial immunity.

### B. Allegations against Tennessee Court of Appeals and Judges W. Neal McBrayer, D. Michael Swiney, and Arnold B. Goldin

Plaintiff names the Tennessee Court of Appeals and Tennessee Appellate Judges W. Neal McBrayer, D. Michael Swiney, and Arnold B. Goldin as defendants in this action but then fails to provide any specific facts that demonstrate how the Court of Appeals and the named appellate judges have engaged in wrongdoing. Despite the length of Plaintiff's pleadings, these defendants are only specifically mentioned when Plaintiff is naming them as defendants. The only other information contained in Plaintiff's pleadings that could apply to these defendants is a vague assertion by Plaintiff that all the named courts and judges have denied him his constitutional rights. However, without any specific facts to support this broad assertion, the Court is left to speculate about the nature of Plaintiff's contentions against these defendants. The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court finds that Plaintiff's allegations against the Tennessee Court of Appeals and Judges McBrayer, Swiney and Goldin are so threadbare that they may not proceed beyond the screening stage.

### C. Allegations against Magistrate Richard Majors, Judge Gregory McMillan, Clerk of Court Mike Hammond, and the Fourth Circuit Court[3]

Plaintiff's complaints against Magistrate Majors, Judge McMillan, Clerk of Court Hammond, and the Fourth Circuit Court appear to be a repetition of his claims against these defendants in *Brooks v.*

---

[3] Plaintiff's claims against these defendants as well as those against Dr. Devereaux and Dr. Smith are all likely barred by *res judicata*. However, given that Plaintiff is proceeding *pro se* and that the Court is recommending that Plaintiff be declared a vexatious litigant, the Court found it appropriate to address the claims on the merits.

*Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024). In summary, Plaintiff alleges that these defendants violated his Sixth Amendment right to a fair trial because Dr. Robert Devereaux was granted an order of protection against Plaintiff despite Plaintiff being unable to appear for the hearing on Dr. Devereaux's petition for protective order because he was hospitalized. While Plaintiff does not reference 42 U.S.C. § 1983 in his pleadings, in liberally construing Plaintiff's pro se complaint, the Court will construe Plaintiff's claims against Magistrate Majors, Judge McMillan, Clerk of Court Hammond, and the Fourth Circuit Court as § 1983 claims. 42 U.S.C. § 1983 creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

First, "a state and its agencies are immune from an action for damages or injunctive relief unless immunity is validly abrogated by Congress or expressly waived by a state. *Howard v. Commonwealth of Virginia*, 8 F. App'x 318, 319 (6th Cir. 2001). "A state court is an arm of the state, entitled to Eleventh Amendment immunity." *Id.* As with the District Court, Plaintiff has not identified a statute, nor is the Court aware of one, which waives the state court's sovereign immunity. Accordingly, sovereign immunity bars Plaintiff's claim against the Fourth Circuit Court.

As for Plaintiff's claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond, the Sixth Amendment guarantees the right to a fair and speedy public trial by an impartial jury and the right to confront witnesses by the accused in all *criminal* prosecutions. U.S. Const. Amend. VI. "[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). In Tennessee, obtaining an order of protection is a civil proceeding. *Gibson v. Bikas*, 556 S.W.3d 796, 807 (Tenn. Ct. App. 2018) ("[T]he instant action seeking an order of

protection is a civil proceeding."). As such, Plaintiff's Sixth Amendment rights did not apply to the order of protection proceedings against him. Plaintiff has failed to identify "any rights, privileges, or immunities secured by the Constitution and laws" of which he was deprived by these defendants. Accordingly, his claims against Magistrate Majors, Judge McMillan, Clerk of Court Hammond must fail.[4]

### D. Allegations against Dr. Robert Devereaux and Dr. Martha Jane Smith

As with the claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond, Plaintiff's complaints against Dr. Devereaux and Dr. Smith are a repeat of the allegations he made in *Brooks v. Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024). In sum, Plaintiff was receiving treatment in February 2022 at Pain Consultants of East Tennessee where Dr. Devereaux and Dr. Smith were employed. During a routine appointment, a pill count was conducted, and Plaintiff was short. Ultimately, Pain Consultants of East Tennessee discharged Plaintiff as a patient on March 21, 2022. Plaintiff was apparently unhappy with this turn of events and attempted to contact Dr. Devereaux regarding his discharge. Eventually, Dr. Devereaux sought and obtained an order of protection against Plaintiff prohibiting Plaintiff from contacting him further.[5] Plaintiff argues that the statements Dr. Devereaux made to the court when he obtained the order of protection are false and that Dr. Smith aided Dr. Devereaux in making these false statements.

---

[4] "Even if Plaintiff's state case were of a criminal nature, his claims would be barred by *Heck v. Humphrey*, wherein the Supreme Court stated that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Here, Plaintiff claims that he did not receive a fair and open trial, and that Judge McMillan violated his rights by refusing to set aside the order of protection. There are no allegations that Plaintiff's order of protection has been reversed. Indeed, the allegations suggest otherwise. [Doc. 13 p. 2]. Thus, to the extent his order of protection could be considered a criminal proceeding, it is barred by *Heck*. *See Benanti v. Lewin*, No. 3:19-CV-237, 2019 WL 13249467, at *2 (E.D. Tenn. July 16, 2019) (dismissing the complaint that alleged the plaintiff did not receive a fair trial during the screening process as barred by *Heck*); *Nixon v. Doherty*, No. 5:18-CV-1099, 2018 WL 4539394, at *2 (N.D. Ohio Sept. 21, 2018) (dismissing the complaint at the screening process because the "plaintiff's success on any § 1983 claim that he was deprived of federal rights and 'not given a fair, impartial trial' in his Portage County criminal cases would necessarily imply the invalidity of his state convictions")." *Brooks v. Devereaux*, 3:24-cv-369, [Doc. 14, p. 7].

[5] This order of protection is the basis for Plaintiff's claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond.

In making his allegations against Dr. Devereaux and Dr. Smith, Plaintiff invokes the False Claims Act ("FCA"). The FCA "prohibits any person from making false or fraudulent claims for payment to the United States." *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (quoting *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411 (2005)). Plaintiff's reliance on the FCA appears misplaced because, as best the Court can tell, Plaintiff is not alleging that Dr. Devereaux or Dr. Smith made any false claims for payment but instead that they made false factual statements to the Fourth Circuit Court that resulted in Dr. Devereaux being awarded an order of protection. However, to the extent that Plaintiff is attempting to make allegations of false claims for payment, this Court lacks jurisdiction to address such a claim. As previously explained in *Brooks v. Devereaux*, 3:24-cv-369, [Doc. 14, p. 7]:

> With respect to false billing, the FCA is enforced by the Attorney General or private litigants. 31 U.S.C. §§ 3730(a) & (b)(2). But a litigant alleging a violation of the FCA brings the action in the Government's name. 31 U.S.C. § 3730(a)(2)(1) ("The action shall be brought in the name of the Government."). Although Plaintiff does not include any facts supporting his claim that Dr. Devereaux and Dr. Smith engaged in false billing practices in violation of the FCA, "this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant." *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012) (citations omitted), report and recommendation adopted, No. 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012). "Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that pro se relators may not prosecute qui tam actions." *Id.* (collecting cases).

Additionally, to the extent that Plaintiff is attempting to bring state law claims against Dr. Devereux and Dr. Smith (such as falsifying medical records or defamation), the Court is also without jurisdiction to address such claims because Plaintiff has not provided any facts that would support diversity jurisdiction.

Claims arising under state law may be heard in federal court where they comply with the requirements of diversity of citizenship jurisdiction set forth in 28 U.S.C. § 1332. For diversity jurisdiction to be employed, there must be complete diversity between the parties, meaning "no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d

354, 355 (6th Cir. 2010). A plaintiff must also show that the amount in controversy "exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332. Where the amount in controversy is unclear, the burden rests on plaintiff to offer proof that the amount in controversy exceeds $75,000. *Jones v. Life Ins. Co. of N. Am.*, 746 F. Supp. 2d 850, 852 (W.D. Ky. 2010). Plaintiff has provided no information regarding the citizenship of Dr. Devereaux or Dr. Smith, but the Court may infer from the information contained in the pleadings, such as the location of the practice of Drs. Devereaux and Smith and the fact that the Fourth Circuit Court, which is located in Knoxville, Tennessee, granted Dr. Devereaux's order of protection, that Drs. Devereaux and Smith are both likely citizens of Tennessee. Still, even if these doctors were citizens of other states, Plaintiff has not demonstrated that the amount in controversy exceeds $75,000. In fact, Plaintiff does not request an award of monetary damages at all and instead requests non-monetary relief. That non-monetary relief includes requests for a trial where he can call witnesses and question all Fourth Circuit Court judges, and for the unsealing of Dr. Devereaux's divorce record. Accordingly, this Court is without jurisdiction to address any of the allegations Plaintiff has made against Dr. Devereaux or Dr. Smith.

## IV. PLAINTIFF AS A VEXATIOUS LITIGANT

In addition to evaluating the allegations at hand, the Court is compelled to address Plaintiff's litigation history within this district. Not including the action at hand, Plaintiff has filed 16 other cases in this district, all of which have been dismissed. *See Brooks v. Sharp,* 3:08-cv-396 (E.D. Tenn. 2009) (dismissed as frivolous at the screening stage); *Brooks v. Sharp*, 3:08-cv-445 (E.D. Tenn. 2009) (dismissed for failure to prosecute after Plaintiff failed to respond to show cause order); *Brooks v. Swann*, 3:10-cv-283 (E.D. Tenn. 2010) (dismissed at screening stage for failure to state a claim upon which relief may be granted and jurisdictional deficiencies); *Brooks v. Swann, et al.,* 3:10-cv-291 (E.D. Tenn. 2011) (dismissed at screening stage for failure to state a claim upon which relief may be granted and jurisdictional deficiencies); *Brooks v. 4th Circuit Court Knox County,* 3:10-cv-362 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious);

*Brooks v. Elrod*, 3:10-cv-363 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Swann*, 3:10-cv-364 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. LaVassure,* 3:10-cv-365 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Harber*, 3:10-cv-366 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Lindsay-McDaniel*, 3:10-cv-367 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Sharp*, 3:10-cv-368 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Netherlands Insurance, et al.*, 3:13-cv-5 (E.D. Tenn. 2013) (dismissed at screening stage for jurisdictional deficiencies); *Brooks v. Hofmann*, 3:13-cv-278 (E.D. Tenn.) (dismissed for failure to state a claim upon which relief may be granted upon motion by the defendant); *Brooks v. Medstar Health Solution*, 3:22-cv-389 (E.D. Tenn. 2023) (dismissed at the screening stage for lack of jurisdiction); *Brooks v. Smelyansky*, 3:24-cv-1 (E.D. Tenn. 2024) (dismissed at the screening stage for lack of jurisdiction); and *Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024) (dismissed with prejudice at screening stage for jurisdictional deficiencies and failure to state a claim upon which relief may be granted).

Of the sixteen previous cases Plaintiff has filed in this district, all but two have been dismissed at the screening stage and even the two that made it past the screening stage were dismissed in the early stages of litigation. Moreover, eight of these cases have been specifically found to be frivolous and/or malicious. Of additional note and as referenced above, many of the allegations contained in Plaintiff's complaint in this matter are merely a restatement of the allegations Plaintiff made in *Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024), which was dismissed with prejudice at the screening stage.

It is well-settled that a court has the authority to restrict litigants from repeatedly filing frivolous matters without first obtaining the court's permission. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003). The Sixth Circuit has

specifically determined that restricting such parties from filing documents without the court's prior approval is an appropriate means of addressing the potential waste of judicial resources caused by litigants who have engaged in a pattern of frivolous filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998).

Given Plaintiff's documented history of frivolous and duplicative filings and his history of failing to comply with applicable law and court procedures, the undersigned has determined that it is appropriate to recommend that Plaintiff be enjoined from making further filings in the court without obtaining prior approval. In making this recommendation, the undersigned has determined that there is no other means of addressing the issue of Plaintiff's frivolous filings which will be adequate to prevent Plaintiff from committing further waste of judicial resources.

## V.     CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Docs. 1, 9, 10] be **DISMISSED with prejudice**. The undersigned **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant and that he be enjoined from making further filings in the United States Court for the Eastern District of Tennessee without obtaining prior approval. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d at 263 and pursuant to the district court's policy regarding the process for seeking to have a litigant declared vexatious.[3]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).