UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN EARL BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-CV-22-KAC-CRW |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| KNOXVILLE, TN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case[1] is before the Court on United States Magistrate Judge Cynthia R. Wyrick's "Order and Report and Recommendation" (the "Report") [Doc. 25]. This action begins with Plaintiff's allegations that a state court previously granted Defendant Robert L. Devereaux, Ph.D. a protective order against Plaintiff without a trial and using proceedings at which Defendant Dr. Devereaux allegedly lied [*See* Docs. 9 at 4-6; 10 at 2-3]. In September 2024, Plaintiff filed an action in this Court against multiple defendants, alleging mainly that the protective order violated Plaintiff's Sixth and Fourteenth Amendment rights [3:24-cv-369 (E.D. Tenn.), Doc. 1 at 1-3]. United States District Judge Charles E. Atchley dismissed that case for failure to state a claim, adopting the Report and Recommendation of United States Magistrate Judge Jill E. McCook [*See* 3:24-cv-369 (E.D. Tenn.), Docs. 14 at 8-9; 15 at 1]. Thereafter, Plaintiff filed the instant action against the "United States District Court Knoxville, TN," Judge Atchley, Judge McCook, and other defendants, alleging various violations of Plaintiff's rights [*See* Docs. 1, 9, 10]. Over the past fifteen (15) years, Plaintiff has filed sixteen (16) cases in this district, several of which

---

[1] Unless otherwise indicated, all citations are to Case Number 3:25-cv-22 (E.D. Tenn.).

have been dismissed as frivolous or malicious. *See e.g.*, *Brooks v. Sharp*, 3:08-cv-396 (E.D. Tenn. 2009); *Brooks v. Sharp*, 3:08-cv-445 (E.D. Tenn. 2009); *Brooks v. Swann*, 3:10-cv-283 (E.D. Tenn. 2010); *Brooks v. Swann, et al.*, 3:10-cv-291 (E.D. Tenn. 2011); *Brooks v. 4th Circuit Court Knox County*, 3:10-cv-362 (E.D. Tenn. 2010); *Brooks v. Elrod*, 3:10-cv-363 (E.D. Tenn. 2010); *Brooks v. Swann*, 3:10-cv-364 (E.D. Tenn. 2010); *Brooks v. LaVassure*, 3:10-cv-365 (E.D. Tenn. 2010); *Brooks v. Medstar Health Solution*, 3:22-cv-389 (E.D. Tenn. 2023); *Brooks v. Smelyansky*, 3:24- cv-1 (E.D. Tenn. 2024); *Brooks v. Devereaux, et al.*, 3:24-cv-369 (E.D. Tenn. 2024).

On April 8, 2025, Judge Wyrick issued the instant Report in this action [Doc. 25]. As relevant here, the Report recommends that the Court (1) dismiss this action with prejudice and (2) deem Plaintiff a "vexatious litigant" and enjoin him from filing further cases in this Court without prior approval [*See* Doc. 25 at 11]. Plaintiff filed objections to the Report [*See* Docs. 26, 27].[2] For the following reasons, the Court (1) overrules Plaintiff's objections to the Report, (2) adopts the relevant portions of the Report related to dismissal of this action, (3) modifies the portion of the Report related to vexatious litigation, and (4) dismisses this action with prejudice.

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C). However, "[t]he filing of vague, general, or conclusory

---

[2] The Court liberally construes Plaintiff's "Supplement" [Doc. 27] as further objections to the Report and reviews that filing for any specific objections to the Report.

objections does not meet the requirement of specific objections." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995)). The Court generally reviews factual findings for clear error and reviews conclusions of law de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Plaintiff raises two specific objections to the Report [*See* Doc. 26-1 at 8-18 (the Court liberally construes Plaintiff's inline annotations to the "Order and Report and Recommendation" as his objections to the Report)]. **First**, he objects that he did not receive treatment from Defendant Dr. Devereaux in February 2022 and that he was not discharged as a patient in March 2022 [*See* Doc. 26-1 at 14 (inline objection), 7 (record showing that Dr. Devereaux performed an assessment of Plaintiff in November 2022)]. **Second**, he objects to the Report's legal conclusion that sovereign immunity and judicial immunity apply to Defendants "United States District Court Knoxville, TN," Judge Atchley, and Judge McCook [*See id.* at 11-12]. The Court addresses each objection in turn.

Starting with Plaintiff's factual objections, it is unclear from Plaintiff's allegations and supporting documents when, if at all, he received treatment from Dr. Devereaux in February or March 2022 [*Compare* Doc. 9 at 2 (invoking the facts of case 3:24-cv-369 (E.D. Tenn. 2024)) *with* Doc. 26-1 at 7 (record showing that Dr. Devereaux performed an assessment of Plaintiff in November 2022)]. But even if Dr. Devereaux did not perform an assessment of Plaintiff until November 2022, that fact would not change the outcome of this case. Plaintiff alleges that it was his efforts to get Dr. Devereaux "to explain, his evaluation" that "lead to the order of protection" against Plaintiff and in favor of Dr. Devereaux [*See* Doc. 9 at 4]. Therefore, the timing of any earlier treatment is irrelevant to Plaintiff's claims. And even if the Court presumes that Plaintiff

3

did not receive any treatment from Dr. Devereaux until the November 2022 assessment, the results of this case would be the same. Accordingly, the Court overrules Plaintiff's objections.

Moving to Plaintiff's legal objection, liberally construed, Plaintiff objects that Defendants "United States District Court Knoxville, TN," Judge Atchley, and Judge McCook are not entitled to immunity if there is "a crime" committed [Doc. 26-1 at 11-12]. But an unidentified "crime" perpetrated by an unidentified individual or entity does not render sovereign and judicial immunity inapplicable in this case. No portion of the Complaint alleges that Defendants "United States District Court Knoxville, TN," Judge Atchley, or Judge McCook committed a crime. The Report properly concludes that the relevant Defendants are immune from liability in this civil action. *See Gaetano v. United States*, 994 F.3d 501, 505, 508, 509 (6th Cir. 2021) (providing that "sovereign immunity shields the Federal Government" "from suit" unless Plaintiff establishes a waiver (quotation omitted)); *see also Cooperrider v. Woods*, 127 F.4th 1019, 1030 (6th Cir. 2025) ("all of a judge's actions taken in an official judicial capacity are immune from suit" (citation omitted)). Because the portions of the Report to which Plaintiff objects are neither clearly erroneous nor contrary to law, the Court overrules Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

However, the undersigned modifies the portion of the Report recommending that the Court declare Plaintiff a vexatious litigant and enjoin him from making further filings without Court approval. The sheer number of cases Plaintiff has filed in the last fifteen (15) years that were ultimately dismissed—several dismissed as frivolous or malicious—is cause for concern. Plaintiff's filings have consumed a significant amount of Plaintiff's time and resources and the Court's time and resources. But over the past fifteen (15) years, the Court has not warned Plaintiff that his actions would result in future limitations. Today is the day. Although the Court declines

4

to deem Plaintiff "vexatious" and enjoin him now, the Court **WARNS** Plaintiff that future frivolous litigation **will result in Plaintiff being deemed a vexatious litigant subject to prefiling restrictions**. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998) (holding that district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of court).

For the reasons above, the Court (1) **OVERRULES** Plaintiff's objections to the Report, (2) **ADOPTS** the relevant portions of the Report related to dismissal of this action, (3) **MODIFIES** the portion of the Report related to vexatious litigation, and (4) **DISMISSES** this action with prejudice. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

5